**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY TYRONE TOWNES, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 2661 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| CHICAGO POLICE DEPARTMENT, et al., | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago (the "City"), improperly sued as the Chicago Police Department and Defendant Officer Salyers, by their attorney, Helen C. Gibbons, Assistant Corporation Counsel, move this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice Plaintiff's Complaint, and in support state as follows:

## INTRODUCTION

On May 23, 2008, Plaintiff Anthony Townes filed the above-captioned lawsuit *pro se* against the Chicago Police Department, Chicago Police Officer Salyers (referred to as Defendant "B" in Plaintiff's Complaint), as well as Unknown Cook County State's Attorney and the Felony Review Unit (referred to as Defendant "A" in Plaintiff's Complaint). Plaintiff alleges his Fourth Amendment rights were violated when Officer Salyers performed a traffic stop with no probable cause, falsely arrested and imprisoned plaintiff, and then charged him with violating the Violent Sex Offender Registration statute. (*See* Exhibit "Exh." A, Plaintiff's Complaint)

The City and Officer Salyers now file this motion on the grounds that Plaintiff has attempted to sue a non-suable entity and has failed to state a claim under 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the challenged pleading fails to state a claim upon which relief can be

granted. Fed. R. Civ. P. 12(b)(6); *see also Corcoran v. Chicago Park District*, 875 F.3d 609, 611 (7th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all well-pleaded facts and reasonable inferences, a court is not obligated to accept a complaint that merely raises the possibility of relief. *E.E.O.C. v. Concentra Health Servs., Inc.*,496 F.3d 773,776 (7th Cir. 2007). In considering these facts, the court is entitled to consider exhibits attached to the complaint as part of the pleadings, and may take judicial notice of public records relevant to the claims. *Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir. 1988); *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). To survive a Rule 12(b)(6) motion, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65. Factual allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the speculative level. *Id*. at 1964. While a *pro se* litigant's pleadings are held to a less stringent standard, he must nonetheless act in accordance with court rules. *Easley v. Verizon Wireless*, 2004 WL 2005819, *4 (N.D. Ill., 2004) (Coar, J.) (Attached hereto as Exh. B), *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

## ARGUMENT

For several reasons, Plaintiff's Complaint fails and should be dismissed with prejudice. First, the Chicago Police Department ("CPD") is a non-suable entity. Second, Plaintiff cannot bring a § 1983 claim against the City under a theory of *respondeat superior.* Finally, Plaintiff is collaterally estopped from bringing any claim based on his arrest or conviction.

**I.    PLAINTIFF CANNOT MAINTAIN A SUIT AGAINST THE CHICAGO POLICE DEPARTMENT.**

The Chicago Police Department is a department within the organizational structure of the City of Chicago.  As such, it does not have the legal capacity to be sued.  *See, e.g.*, *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991) (holding that the Chicago Police Department is not a suable entity); *Jordan v. City of Chicago, Department of Police*, 505 F. Supp. 1, 3-4 (N.D. Ill. 1980) (striking the Department of Police as a party defendant); *Bonilla v. City Council of City of Chicago*, 809 F. Supp. 590, 601 (N.D. Ill. 1992) (holding that the City Council, like the Chicago Police Department and the Chicago Department of Streets and Sanitation, is not a suable entity).  As Plaintiff is attempting to sue a non-suable entity, his Complaint against the Chicago Police Department should be dismissed.

**II.    PLAINTIFF CANNOT BRING A CLAIM AGAINST THE CITY OF CHICAGO PURSUANT TO 42 U.S.C. § 1983 UNDER A THEORY OF *RESPONDEAT SUPERIOR.***

Plaintiff alleges that, Officer Salyers stopped him without probable cause, falsely arrested and imprisoned Plaintiff, and charged P with failure to register as a sex offender.  *See* Exhibit A.

The City, wrongly named as the Chicago Police Department, should be dismissed from this lawsuit because a municipality cannot be liable for these alleged acts under § 1983 solely under  a *respondeat superior* theory.  *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).

"A municipality may not be held liable under § 1983 solely because it employs a tortfeasor."  *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).  Historically municipalities had been held not to be "persons" within the meaning of § 1983 and thus could not be sued under the statute.  In *Monell*, the Supreme Court held municipalities are subject to § 1983 liability only in the following situation:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly

be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695.

Plaintiff has not properly pleaded  municipal liability under this standard.  As Plaintiff seeks to hold the City liable for the alleged conduct of its employee, Officer Salyers, solely on a theory of *respondeat superior*, his Section 1983 claim against the City should be dismissed with prejudice.

## III.  PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

Plaintiff maintains that Officer Salyers stopped plaintiff with no probable cause and falsely arrested and imprisoned him charging him with: (1) violation of State Vehicle Registration; (2) driving on a suspended license; (3) violation of Violent Sex Offender Registration.  Plaintiff pleaded guilty to Failure to Report Weekly/No Fixed Address a violation of 730 ILCS 150/3-A, and stipulated to certain facts that support this charge.

A criminal conviction based upon a guilty plea is conclusive of the underlying facts of the plea, which then may be used to establish issue preclusion in an ensuing civil suit.  *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987).  A guilty plea does not necessarily preclude a claim for false arrest when the claim would not invalidate the underlying conviction.  *Reynolds v. Jamison*, 488 F.3d 756, 766-67 (7th Cir. 2007).  However, "the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution.  *Shkrobut v. City of Chicago*, 2005 WL 2787277, *2, (N.D. Ill.2005) (Andersen, J.) (Attached hereto as Exh. D), *citing Smith v. City of Chicago*, 913, F.2d 469, 473 (7th Cir. 1990).

Plaintiff attached to his complaint the transcript of the proceedings at which he entered his guilty plea in the underlying criminal matter that gave rise to this suit.  *See* Exh. A.  At these proceedings, held before Judge Thomas R. Sumner on July 31, 2007, Plaintiff pleaded guilty to failing to register as a sex offender, a Class Three Felony.  *See id.* at 3.  In support of this guilty plea, Plaintiff, through his attorney, stipulated that Officer Salyers would testify that he stopped a

4

motor vehicle driven by Plaintiff and that Officer Salyers took Plaintiff into custody for driving on a suspended license. *See id.* at 6. Additionally, according to the stipulation, a name check was conducted on Plaintiff and revealed that he was a convicted sex offender who had failed to maintain a current registration with any police agency. *See id.* Additionally, Plaintiff stipulated to the prosecution's certified copy of conviction that indicated that Plaintiff was convicted of aggravated criminal sexual assault in case number 93 CR 2334. *See id.* Plaintiff indicated, and the court found, that his guilty plea was knowing and voluntary. *See id.* at 7-8. Additionally, the court determined that the stipulation provided a sufficient factual basis for the guilty plea, and so entered a finding of guilty and sentenced Plaintiff to a term of two years of incarceration. *See id.* at 8.

Because Plaintiff attached the transcript to his complaint, these stipulated facts are a part of the complaint, and the Court may consider them when ruling on this motion. *See Beam*, 838 F.2d at 244; *Doherty*, 75 F.3d at 324. Having attached the transcript, Plaintiff has pleaded himself out of court. "Collateral estoppel, or issue preclusion, may be applied in civil trials to issues previously determined in a criminal conviction. Similarly, a guilty plea may be used to establish issue preclusion in a subsequent civil suit." *Appley*, 832 F.2d at 1025-26 (internal citation omitted). Moreover, a criminal conviction based on a guilty plea is conclusive as to the underlying facts of the plea. *See id.* at 1026; *Shkrobut*, 2005 WL 2787277 at *2. The stipulated facts and conviction conclusively show that Plaintiff was guilty of the crime to which he pleaded guilty and Plaintiff is collaterally estopped from arguing to the contrary in this matter. Additionally, the stipulated facts, which Plaintiff chose not to contest and to which the guilty plea is conclusive, indicate that Officer Salyers had probable cause to arrest Plaintiff. Because the stipulated facts formed the basis of his guilty plea, Plaintiff is precluded from contesting in this matter that he committed a traffic offense, that he was driving on a suspended license, and that a subsequent name check revealed he was a convicted sex offender who failed to keep his sex offender registration current. Officer Salyers, then, had probable cause to take Plaintiff into

custody for both the suspended license violation as well as the more serious offense regarding his registration as a convicted sex offender.  Because it is well established that the existence of probable cause is an absolute defense against a claim of false arrest, Plaintiff's complaint must be dismissed.  He has pleaded himself out of court.

## CONCLUSION

For each of the reasons stated above, Defendant City of Chicago, improperly sued as the Chicago Police Department, and Officer Salyers respectfully request that this Honorable Court dismiss the Complaint with prejudice, and for any other relief deemed just and appropriate.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL

BY:    /s/ Helen C. Gibbons_____
        HELEN C. GIBBONS
        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street, Suite 1020
Chicago, Illinois  60602
(312) 742-3541 Phone
(312) 744-3989 Fax
Attorney No. 6292881

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing Motion and Notice of Motion to be served upon pro se plaintiff Anthony Tyrone Townes pursuant to ECF,  and by sending a copy via U.S. Mail to the address listed below, in accordance with the rules of electronic filing of documents, on this 5th day of September, 2008.


Anthony Tyrone Townes               Anthony Tyrone Townes
B-41929                                    B-41929
5313 South Indiana                  Illinois Department of Corrections
Chicago, IL 60629                  Jacksonville Correctional Center
                                        2268 E. Morton Avenue
                                        Jacksonville, Illinois 62650


                                     /s/ Helen C. Gibbons
                                     HELEN C. GIBBONS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY TYRONE TOWNES,                )
                                       )
          Plaintiff,                   )          08 C 2661
                                       )
     v.                                )          Judge Andersen
                                       )
CHICAGO POLICE DEPARTMENT, et al.,     )          Magistrate Judge Denlow
                                       )
          Defendant.                   )

### DEFENDANTS' JOINT MOTION TO DISMISS APPENDIX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Plaintiff's Complaint |
| B | *Easley v. Verizon Wireless*, 2004 WL 2005819 (N.D. Ill., 2004) (Coar, J.). |
| C | *Shkrobut v. City of Chicago*, 2005 WL 2787277, *2, (N.D. Ill. 2005) (Andersen, J.). |

# DEFENDANTS' EXHIBIT A

**FILED**            MB                                                    *MHK*

**MAY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RECEIVED**

MAY  8 2008  *aou*
*MAY  8 2008*
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

ANTHONY TYRONE TOWNES,
STATE OF ILLINOIS PRISONER,

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08CV2661**
**JUDGE ANDERSEN**
**MAG. JUDGE DENLOW**

vs.

Case _____
(To be supplied by the Clerk of this Court)

NAME UNKNOWN - COOK COUNTY,
ILLINOIS, STATES ATTORNEY WHO
REVIEWED CRIMINAL FILE NO.(s):
93-CR-2334, 93-CR-2335, AND
93-CR-2336, FELONY REVIEW UNIT.
&
_____

CHICAGO POLICE DEPARTMENT, OFFICER
SALYERS, STAR NO. 844, ARRESTING OFFICER
IN CRIMINAL FILE NO. 07-CR-12119.

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

___x___         **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
                **U.S. Code** (state, county, or municipal defendants)

_____         **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
                **28 SECTION 1331 U.S. Code** (federal defendants)

_____         **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

    A.    Name:  ANTHONY TYRONE TOWNES

    B.    List all aliases:  NONE

    C.    Prisoner identification number:  #B-41929

    D.    Place of present confinement:  ILLINOIS DEPARTMENT OF CORRECTIONS JACKSONVILLE CORRECTIONAL CENTER

    E.    Address: 2268 EAST MORTON AVENUE, JACKSONVILLE, IL 62650

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant:  NAME UNKNOWN

        Title:  ASSISTANT STATES ATTORNEY, OFFICE OF THE COOK COUNTY STATES ATTORNEY, WHO APPROVED FELONY CHARGES FOR THE FOLLOWING CHARGES: 93-CR-2334, 93-CR-2335 AND 93-CR-2336.

        Place of Employment: OFFICE OF THE COOK COUNTY, ILLINOIS, STATES ATTORNEY FELONY REVIEW UNIT.

    B.    Defendant:  OFFICER SALYERS, STAR NO. 844

        Title:  POLICE OFFICER

        Place of Employment:  CHICAGO POLICE DEPARTMENT

    C.    Defendant: _____

        Title: _____

        Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: _____ N/W _____

B.   Approximate date of filing lawsuit: _____ N/W _____

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____ N/W _____

D.   List all defendants: _____ N/A _____

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____ N/A _____

F.   Name of judge to whom case was assigned: _____ N/A _____

G.   Basic claim made: _____ N/A _____

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____ N/A _____

I.   Approximate date of disposition: _____ N/A _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

## IV.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

**(DEFENDANT A)**

THAT PLAINTIFF CONTENDS THAT HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT  TO "DUE PROCESS OF LAW" WAS VIOLATED AS FOLLOWS:  WHEN DEFENDANT (A), NAME UNKNOW, AN ASSISTANT COOK COUNTY STATES ATTORNEY, FROM THE FELONY REVIEW UNIT, APPROVED FOR THE PEOPLE OF THE STATE OF ILLINOIS, CRIMINAL CHARGES AGAINST HIM, WHEN SHE KNEW WELL IN ADVANCE, THAT THERE WAS NO CREDITABLE PHYSICAL, MEDICAL OR SCIENTIFIC EVIDENCE, THEREFORE, THIS STATES ATTORNEY FROM THE FELONY REVIEW UNIT, PLACED HIM IN A POSITION TO BE PLACED IN THE COOK COUNTY DEPARTMENT OF CORRECTIONS, WHERE HE WAS SUBJECT TO BEING BEATEN, MOLESTED AND USED AS A HUMAN WASTE-BASKET, AND AS A DIRECT RESULT OF THE ACTIONS OF THE ABOVE-MENTIONED COOK COUNTY STATES ATTORNEY, PLAINTIFF MAY BE INFECTED WITH THE HEPATITIS (C) VIRUS AND IN DIRE NEED OF TREATMENT.

**(DEFENDANT B)**

THAT PLAINTIFF CONTENDS THAT HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO BE "SECURE IN HIS PERSON, HOUSE, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES" WERE VIOLATED AS FOLLOWS:  WHEN CHICAGO POLICE DEPARTMENT, OFFICER SALYERS, STAR NO. 844, STOPPED HIM ON MAY 10, 2007, AT APPROXIMATELY 11:25 PM., AT THE CORNER OF ROOSEVELT AND HALSTED STREET, CHICAGO, ILLINOIS, WITHOUT HAVING "PROBABLE CAUSE" TO STOP HIM.  FIRST, HE POINTS OUT THAT HE WAS ARRESTED WITHOUT A WARRANT.  AS A DIRECT OF PLAINTIFF FALSE ARRESTAND FALSE IMPRISONMENT, HE WAS CHARGED WITH VIOLATING ILLINOIS LAW AND CRIMINAL STATUTE NUMBER:  730 ILCS 150/3(a), ENTITLED "DUTY TO REGISTER UNDER ACT 150., SEX OFFENDERS REGISTRATION ACT.  CRIMINAL FILE NO.07-CR- 1211901, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CRIMINAL DIVISION, JUDGE PRESIDING, THOMAS R. SUMNER.  MOREOVER, THE TRAFFIC OFFENSE FOR WHICH PLAINTIFF WAS STOPPED AND ARRESTED, WAS NEVER ADJUDICATED IN IN "ANY" COURT OF LAW.  TRAFFIC TICKET NO. T520-0187-0100.

4

5

V.    **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.    **(DEFENDANT A)**

THAT PLAINTIFF RESPECTFULLY REQUEST $100,000, DOLLARS IN ACTUAL DAMAGES FROM THE UN-NAMED COOK COUNTY ASSISTANT STATES ATTORNEY, AND $500,000, DOLLARS IN PUNITIVE DAMAGES, BECAUSE SAID UN-NAMED ATTORNEY ACTED OUT-SIDE THE LAWS OF JUDICIAL REVIEW, AS WELL AS THE LAWS GOVERNING COOK COUNTY FELONY REVIEW UNIT.

**(DEFENDANT B)**

THAT PLAINTIFF ASSERTS THAT OFFICER SALYERS, STAR NO. 844, CHICAGO POLICE DEPARTMENT, ACTED IN HIS INDIVIDUAL CAPACITY, WHEN HE UN-JUSTLY STOPPED HIM FOR NO REASON "WHATSOEVER" THEREFORE, PLAINTIFF IS SEEK $50,000, DOLLARS IN ACTUAL DAMAGES, AND 100,000, DOLLARS IN PUNITIVE DAMAGES FROM THE CHICAGO POLICE DEPARTMENT FOR ALLOWING THE ARREST PROCESS TO GO FORWARD, OR FOR THE PLAINTIFF TO HAVE HIS DAY IN COURT.

VI.    The plaintiff demands that the case be tried by a jury.    [X] YES    [ ] NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20_____

_____

(Signature of plaintiff or plaintiffs)

ANTHONY TYRONE TOWNES
(Print name)

#B-41929    (JACKSONVILLE CORRECTIONAL CENTER, IDOC.)
(I.D. Number)

_____

2268 EAST MORTON AVENUE, JACKSONVILLE, IL 62650
(Address)

6                                                        Revised 9/2007

11-13-'07 17:56  FROM-                                                    T-838  F000/013  F-002

ILLINOIS DEPARTMENT OF CORRECTIONS
# Parole Violation Report

**Section A: Violation Details**

Offender: Anthony Townes _____ Alias: _____     ID#: B41929 _____

Parent Facility: JACKSONVILLE C.C. _____     Date of Birth: 07/14/1970 _____

Program released to: Parole _____     Level of Supervision: _____

Gender: ☒ Male ☐ Female  Race: ☐ Caucasian ☒ African American ☐ Asian ☐ Hispanic ☐ Native American ☐ Other _____

FBI#: 123142PA _____     I.R.# : 990522 _____     CC.J#: _____

Release Date: 11/08/2007 _____ Sentence Exp. Date: 11/08/2008 _____     Violation Date: 11/08/2007 _____

Custody Facility: JACKSONVILLE C.C. _____     Custody Date: 11/08/2007 _____

Offense(s): ETC-Rule #18 Failure to provide a host site for ED _____

IDOC Warrant #: QA0710978 _____     Date Warrant Issued: 11/08/2007 _____

Parolee ANTHONY TOWNES is currently on parole for the following offenses (list all MITTIMUS offenses) VIOLATED SEX OFFENDER REGISTRATION/AGGRATED and was incarcerated from 05/08/2007 to 06/08/2007. The most recent parole violation(s) for which this warrant was issued/is being requested follows (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : Offender is in violation of the rule #18 in that he is mandated by the Prisoner Review Board to be supervised on Electronic Monitoring. This agency attempted to place the offender at (ALL places with family and /or friends in the community and no suitable host site was found to supervise the offender on Electronic Monitoring. This agency attempted to place the offender at (ALL) places that the Illinois Department of Corrections would pay for and the paid placements for any number of reasons could not accept the offender. The offender is unable to fulfill the mandate by Electronic Monitoring place by the Prisoner Review Board.

List all Arrests or Alleged Parole/Mandatory Supervised Release Violations or sanctions and the date of occurrence other than those in the above section (include date, time, place and description of the violation; description and method of weapons used; identify and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : N/A

Answer the following questions only if the offender has absconded:

Is this an instant absconder? ☒ No ☐ Yes          Offender has been an absconder since (support in your narrative):

Did the offender make any contacts to AMS while an absconder? ☒ No ☐ Yes          If yes, dates of contacts:

Community Adjustment:

Answer the following questions or provide the required information for all parolees:

Prior parole terms/dates:

Offender currently resides with: (include description of others living with the parolee, such as wife, children, girlfriend, parents. It is mandatory to list any children under 18 living in the home, age, and the relationship of the parolee to those children.)

Where was the offender's approved host site? N/A  Can the offender return to this host site? ☐ No ☐ Yes

If no, state why and also what other host site options does the offender have?

Offender was employed at time of arrest/alleged violation with: N/A  for          week(s)     mont h(s)     year     (s).

Did the offender attend school at time of arrest/alleged violation? ☒ No ☐ Yes   If yes, level of education:

Special conditions for substance abuse and/or mental health and/or other programming by PRB or MSR Rule 15 (List each special condition, MSR Rule 15, referrals provided and date and follow-up by agent. Specify the name and type of treatment program, where it was provided, if they had been attending regularly and if there were any progress reports - attach reports) :

Current and prior housing, substance abuse and/or mental health issues (include incarceration information if available) :

IN THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS ) CASE NUMBER 07CR1211901
                                 ) DATE OF BIRTH 07/14/70
                        V.       ) DATE OF ARREST 05/10/07
ANTHONY    TOWNES                ) IR NUMBER 0990782  SID NUMBER 030966460
Defendant

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS
========================================

    The above named defendant having been adjudged guilty of the offense(s) enumerated below
is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|-------|-------------------|---------|----------|-------|
| 001 | 730-150/3(a) | FAIL TO RPT WKLY/NO FIXED ADDR | YRS. 002  MOS. 00 | 3 |

and said sentence shall run concurrent with count(s) ___ ___ ___ ___

_____    _____    YRS. _____ MOS. _____    _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____    _____    YRS. _____ MOS. _____    _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____    _____    YRS. _____ MOS. _____    _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____    _____    YRS. _____ MOS. _____    _____
and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

    On Count ___ defendant having been convicted of a class _ offense is sentenced as
a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

    On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

    The Court finds that the defendant is entitled to receive credit for time actually served
in custody for a total credit of 0083 days as of the date of this order

    IT IS FURTHER ORDERED that the above sentence(s) be concurrent with
the sentence imposed in case number(s) _____
AND: consecutive to the sentence imposed under case number(s) _____

    IT IS FURTHER ORDERED THAT MITT TO ISSUE. _____
_____
_____

    IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take
him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.


DATED ____JULY 31, 2007____            ENTER: 07/31/07


CERTIFIED BY  R BANKS
              DEPUTY CLERK                    JUDGE:  SUMNER THOMAS R       1513
WAP8 07/31/07 12:29:21                                                      CCG N305

ILLINOIS DEPARTMENT OF CORRECTIONS          PAGE   1
OFFENDER TRACKING SYSTEM    RM      RUN DATE  02/25/08
VERIFICATION OF INCARCERATION       RUN TIME   9.29.42

NAME:    TOWNES, ANTHONY          IDOC #:     B41929

DATE OF BIRTH:     07/14/1970     LIVING UNIT:   JAC-JAC-02-05-08

HOLDING MITT CUSTODY DATE:                     05/08/2007

DATE ENTERED DEPARTMENT OF CORRECTIONS:        08/03/2007

DATE RECEIVED AT:  JACKSONVILLE                12/19/2007

PROJECTED DATE OF RELEASE FROM CUSTODY:        05/08/2008

TYPE OF RELEASE:   PROJECTED DISC DATE

DESCRIPTION OF OFFENSE:

| INDICTMENT # | OFFENSE | SENTENCE YR MO DA |
|---|---|---|
| 07CR1211901 | VIOLATE SEX OFFENDER REGIS | 0002 00 0000 |
| *93CR2336 | AGG CRIM SEX ASSAULT/FELONY | 0015 00 0000 |
| *93CR2335 | AGG CRIM SEX ASSAULT/FELONY | 0015 00 0000 |
| *93CR2334 | AGG CRIM SEX ASSAULT/FELONY | 0015 00 0000 |

ADDITIONAL INFO ON PAGE 2

NOTE : "*" DISCHARGED MITTS

_2/25/08_
_____(DATE)

_Rubi Nassi_
RECORDS OFFICE SUPERVISOR

JACKSONVILLE                    CORR. CENTER

_Signed before me on 2/25/08_

_Sheila R Brown_

CC:  MASTERFILE

OFFICIAL SEAL
SHEILA R BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/09/10

```
         ILLINOIS DEPARTMENT OF CORRECTIONS          PAGE    2
            OFFENDER TRACKING SYSTEM    RM     RUN DATE  02/25/08
            VERIFICATION OF INCARCERATION       RUN TIME   9.29.42
```

NAME:    TOWNES, ANTHONY              IDOC #:    B41929

ALIASES / NICKNAME                         TYPE
----------------------------------        ----------
    TOWNES      ANTHONY    T              ALIAS



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State

March 18, 2008

Anthony Townes #B-41929
Jacksonville Correctional Center
2268 East Morton Ave
Jacksonville, IL 62650

RE: T520-0187-0200

Dear Mr. Townes,

This office is in receipt of your correspondence and the following information is being provided.

A review of your driving record reveals that the suspension(s) is/are terminated.  It will be necessary for you to sumit the reinstatement fee(s) as required by Illinois law.  Please send a $70.00 check or money order made payable to the Secretary of State and indicate your driver's license number on the fee.  A return envelope is enclosed to expedite processing.

If you need more information, please contact the Reinstatement Review Unit, 2701 South Dirksen Parkway, Springfield, Illinois, 62723 or you may telephone (217) 785-8619.

Sincerely,

*Mary H. Bandy*

Mary H. Bandy, Supervisor
Reinstatement Review Unit
Traffic Violations Section

MHB: DMF

```
 1       STATE OF ILLINOIS    )
                              )   SS.
 2       COUNTY OF C O O K    )

 3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                 COUNTY DEPARTMENT - CRIMINAL DIVISION
 4

 5       THE PEOPLE OF THE          )
         STATE OF ILLINOIS          )
 6                                  )
                  vs.               )     07 CR 12119
 7                                  )
         ANTHONY TOWNES             )
 8

 9                        REPORT OF PROCEEDINGS

10            BE IT REMEMBERED that on the 31st day of

11       July, 2007, this cause came on for hearing

12       before the Honorable THOMAS R. SUMNER, Judge of

13       said Court, upon the indictment herein, the

14       Defendant having entered a plea of not guilty.

15         APPEARANCES:

16                   HON. RICHARD A. DEVINE, State's
                        Attorney of Cook County, BY:
17                   MR. SCOTT CLARK,
                        Assistant State's Attorney,
18                      on behalf of the People;

19                   MR. EDWIN BURNETTE, Public
                        Defender of Cook County, BY:
20                   MS. SOPHIA ATCHERSON,
                        Assistant Public Defender,
21                      on behalf of the Defendant.

22
         ROBERT J. MADOCH
23       Official Court Reporter
         Circuit Court of Cook County
24       County Department - Criminal Division
         C.S.R. 84-1194
```

1                        I N D E X

2

3     People v Anthony Townes

4

      DATE:    July 31, 2007

5

6     PAGES:    A-1 through A-11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE CLERK:    Anthony Townes.

2          THE COURT:    Anthony Townes?

3          THE DEFENDANT:    Yes.

4          MS. ATCHERSON:    Sophia Atcherson for

5    Mr. Townes.  We reached an agreement with the

6    State.  He will plead guilty to a Class Three

7    felony, receive two years Illinois Department of

8    Corrections.  He has credit for 83 days.

9          THE COURT:    Is that your understanding of

10   the agreement?

11         THE DEFENDANT:    Yes.

12         THE COURT:    What is his background?

13         MR. CLARK:    Defendant has a felony that

14   results in his need to register as a felon,

15   aggravated criminal sexual assault.  He did fifteen

16   years in the Department of Corrections on that

17   matter.

18         THE COURT:    Mr. Townes, this is a Class

19   Three felony.  Because of your background you are

20   subject to extended term sentencing, which means

21   you could receive probation.    You could also

22   receive from two to ten years in the Illinois

23   Department of Corrections.  A fine up to

24   twenty-five thousand dollars or both.  And

3

1    mandatory supervised release for a period of one

2    year after release from the penitentiary.

3           Those are the possible penalties.  Do

4    you understand that?

5        THE DEFENDANT:   Yes.

6        THE COURT:   You have a right to plead not

7    guilty and go to trial, at which time the State

8    would have to prove you guilty beyond a reasonable

9    doubt.

10          You have a right to be represented by

11   an attorney.  If you cannot afford an attorney, one

12   will be appointed to represent you free of charge.

13          You have a right to have a jury trial

14   where twelve people would be selected to listen to

15   the evidence.  They would decide the question of

16   innocence or guilt rather than have a Judge decide

17   that question.

18          Before sentencing you have a right to

19   have a pre-sentence investigation and written

20   report, which would be given to me by the Probation

21   Department after they do an investigation into your

22   background.

23          Do you understand the rights I just

24   explained to you?

4

1        THE DEFENDANT:   Yes.

2        THE COURT:   When you plead guilty to these

3   charges, you give up those rights and there will be

4   no trial of any kind.  Do you understand?

5        THE DEFENDANT:   Yes.

6        THE COURT:   Did anyone force you or threaten

7   you to get you to plead guilty?

8        THE DEFENDANT:   No.

9        THE COURT:   Are you pleading guilty

10   voluntarily and of your own free well?

11        THE DEFENDANT:   Voluntarily.

12        THE COURT:   Your lawyer just handed me this

13   document entitled jury waiver with your signature

14   on it indicating you wish to give up your right to

15   jury trial.

16        THE DEFENDANT:   Yes.

17        THE COURT:   And you also signed the waiver

18   of presentence report, indicating you understand

19   and wish to give up that right as well?

20        THE DEFENDANT:   Yes.

21        THE COURT:   You will be required to submit

22   blood samples to the Illinois Department of State

23   Police for what's called DNA indexing as a result

24   of this felony conviction.  Do you understand that?

5

1      THE DEFENDANT:   Yes.

2      THE COURT:   You will be subject to statutory

3  fees and costs of five hundred fifteen dollars,

4  some or all of which may be offset by credit you

5  receive for time in custody.  Do you understand

6  that?

7      THE DEFENDANT:   Yes.

8      THE COURT:   Factual basis.

9      MR. CLARK:   The State would call Officer

10  Salyers, Chicago Police Department, star 844.  He

11  would testify on May 10, 2007 at approximately

12  11:25 p.m. he stopped a motor vehicle driven by the

13  Defendant, who was then taken into custody for

14  driving on a suspended license.

15           A check of the Defendant's name

16  revealed he is a convicted sex offender.  His

17  current address was 3201 St. Charles Road in

18  Bellwood.  His last registration with any please

19  agency is a Chicago address.  He was out of

20  compliance at that time.

21           We'd also be able to show through

22  certified copy of conviction the Defendant has a

23  criminal, aggravated criminal sexual assault

24  conviction, case Number 93 CR 2334.

1          MS. ATCHERSON:    Stipulate that would be the

2     testimony.

3          THE COURT:    You understand what you are

4     charged with?

5          THE DEFENDANT:    Yes.

6          THE COURT:    You understand what you are

7     pleading guilty to?

8          THE DEFENDANT:    Yes.

9          THE COURT:    You understand what your rights

10    are?

11         THE DEFENDANT:    Yes.

12         THE COURT:    You understand when you plead

13    guilty to these charges you give up those rights.

14    There will be no trial of any kind.

15         THE DEFENDANT:    Yes.

16         THE COURT:    You understand the possible

17    penalties provided by law for the offense you are

18    pleading guilty to?

19         THE DEFENDANT:    Yes.

20         THE COURT:    Understanding these things, you

21    still wish to plead guilty to these charges at this

22    time?

23         THE DEFENDANT:    Yes.

24         THE COURT:    Any questions about anything I

1    told you?

2        THE DEFENDANT:    No.

3        THE COURT:    I find the Defendant knowingly

4    and voluntarily waived his right to trial.    He

5    understands the nature of the charges pending

6    against him, understands the possible disposition.

7    There is a factual basis for the plea.    The plea is

8    voluntarily made.    There will be a finding of

9    guilty and judgment on the finding.

10         Any additional aggravation or

11    mitigation?

12        MR. CLARK:    Stand on the agreement.

13        MS. ATCHERSON:    Rest on the agreement.

14        THE COURT:    Anything you wish to say?

15        THE DEFENDANT:    No.

16        THE COURT:    I will sentence you to two years

17    Illinois Department of Corrections with credit for

18    eighty-three days.

19         You do have a right to appeal today's

20    decision, if you wish.    In order to that, you

21    first file in thirty days from today's date in the

22    trial court a written motion to withdraw your plea

23    of guilty.    In your motion you have to indicate all

24    the reasons you believe you should be allowed to

1    withdraw your plea of guilty. Any matter you do

2    not include in your motion cannot be raised by you

3    at a later time if you decide to appeal. Do you

4    understand?

5             THE DEFENDANT:   Yes.

6             THE COURT:   If your motion is granted, the

7    plea and judgment will be vacated,  the case will

8    be reinstated and set down for trial.

9             In order to preserve your appeal

10   rights you must file in thirty today's from the

11   date of the disposition of your motion to withdraw

12   your plea of guilty a written notice of appeal

13   which must be filed in the trial court as well.

14            If you decide to pursue your appeal

15   rights and wish to hire an attorney but cannot

16   afford an attorney, one will be appointed to

17   represent you free of charge.

18            If you need a written copy of the

19   transcript and cannot afford to buy a transcript,

20   one will be provided for you free of cost.  You

21   understand?

22            THE DEFENDANT:   Yes.

23            THE COURT:   Any questions?

24            THE DEFENDANT:   No.

```
1              THE COURT:   Good luck to you.
2                          (Which were all the
3                        —  proceedings had.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

```
1    STATE OF ILLINOIS   )
                          )   SS.
2    COUNTY OF C O O K    )

3

4

5            IN THE CIRCUIT COURT OF COOK COUNTY
             COUNTY DEPARTMENT - CRIMINAL DIVISION
6

7

8

9              I, ROBERT J. MADOCH, Official

10   Shorthand Reporter of the Circuit Court of Cook

11   County, County Department-Criminal Division,  do

12   hereby certify that I reported in shorthand the

13   evidence had in the above-entitled cause and that

14   the foregoing is a true and correct transcript of

15   all the evidence heard.

16

17

18   _____

19          Official Shorthand Reporter
            Circuit Court of Cook County
20          County Department-Criminal Division
                        Dated:  2  14  08
21                      C.S.R.   84-1194

22

23

24
```

11

<u>**THE DOOR OF HOPE HALFWAY HOUSE**</u>
**5213 S. INDIANA AVENUE**
**CHGO. IL 60629**

THE DIRECTOR OF THE "DOOR OF HOPE HALFWAY HOUSE" IS THE REVEREND COCO JACKSON, WHO ACCORDING TO MANY RESIDENTS IN THE NEIGHBORHOOD IS A KNOW SEX OFFENDER.  ALSO, REVEREND TAYLOR'S NUMBER ONE RIGHT HAND ASSISTANT IS MR. JOHN CRAWFORD, WHO IS ALSO ALLEGED TO BE A SEX-OFFENDER.

THE "DOOR OF HOPE" HALFWAY HOUSE IS LOCATED LESS THAN 100 YARDS FROM A LOCAL SCHOOL ZONE, PARK AND YOUTH CENTER, WHICH IS A RECREATIONAL PLAYGROUND FOR MINORS OF ALL AGES.  THE "DOOR OF HOPE" IS THE APPOINTED HOST SITE APPROVED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS, STATE OF ILLINOIS PRISONER'S REVIEW BOARD FOR ANTHONY TOWNES, REGISTERED IDOC. NO.#B-41929.

THE ABOVE-MENTIONED HOST SITE HOUSE BOTH HOMELESS PEOPLE AND EX-CONVICTS RELEASED FROM PRISON, BOTH THE HOMELESS AND EX-CONVICTS ARE KNOWN AS TRANSIENTS.  ACCORDING TO THE RULES OF MANDATORY SUPERVISORED RELEASE, KNOWN FELONS ARE NOT ALLOWED TO ASSOCIATE WITH ONE ANOTHER, HOWEVER, CONTRARY TO THE RULES, THESE TRANSIENTS ARE HOUSED TOGETHER, AS WAS ANTHONY TOWNES.  THE LIVING ENVIRONMENT AT THE "DOOR OF HOPE" IS UNSTABLE.  THERE ARE 45 SOILED UNSANITIZED BUNKS.  TRANSIENTS WERE ALLOWED TO LIVE AT THE "DOOR OF HOPE" 6 TO 9 MONTHS AND THEN THEY HAD TO LEAVE AND RETURN THE NEXT YEAR.  IF YOU DID NOT ARRIVE AT THE CENTER TO SIGN-IN BY 4:30 PM., YOU HAD TO FIND A PLEASE TO SLEEP THAT NIGHT, ALSO,  ONLY THE FIRST 45 TRANSIENTS TO SIGN-IN BY 4:30 PM., WERE ALLOWED TO STAY.

1

MOREOVER, MANY OF THE TRANSIENTS THAT MISSED THE 4:30 PM. SIGN-IN
SHEET, COULD BE FOUND SLEEPING IN DUMPSTERS AND ABANDONED BUILDINGS.
ALSO, MANY TRANSIENTS HAD DIFFERENT (STD'S), SUCH AS TB, HEPATITIS C,
HIV AND ETC., THE PROPER GERMICIDES NEEDED WERE NOT AVAILABLE AT THE
"DOOR OF HOPE" HALFWAY HOUSE.  EVERYDAY THE TRANSIENTS SUCH AS MYSELF,
WERE HUMILIATED, WHEN AT SHOWER TIME , (5:45 PM.), WOMEN AND CHILDREN
FROM THE OUTSIDE, WHO WERE RECEIVING CLOTHS, TOYS, FOOD AND FURNITURE,
WERE ALLOWED TO WALK PAST THE SHOWER DOORS WHILE US SO-CALLED TRANSIENTS
WERE SHOWERING.  PETITIONS WERE SIGNED TO CLOSE DOWN THE "DOOR OF HOPE"
HALFWAY HOUSE.  COMPLAINTS WERE MADE CONCERNING THE SHELTER, WHICH
RESULTED IN ARREST AND CONVICTIONS.  A CHILD WAS PLACED IN FOSTER
CARE, (PRINCESS 1½ YEARS OF AGE), BECAUSE HER FATHER, (LUCKY), NEGLECTED
HER, AND SHE RECEIVED SOME FRACTURED RIB BONES.

ON NOVEMBER 5, 2006, THE HOMELESS AND EX-CONVICTS, (TRANSIENTS),
WERE ASKED TO MOVE OUT OF THE "DOOR OF HOPE" HALFWAY HOUSE.  ON
DECEMBER 31, 2006, ANTHONY TOWNES, WAS ALLOWED TO MOVE INTO HIS OWN
APARTMENT AT 3201 ST. CHARLES ROAD, BELLWOOD ILLINOIS, 60104. THE
CHICAGO AND BELLWOOD POLICE DEPARTMENT, BOTH REFUSED TO LET ME
REGISTER AT MY NEW HOST-SITE, AND ON MAY 8, 2007, FOR DRIVING ON
EXPIRED DRIVING LICENSES, HOWEVER, ON JUNE 14, 2007, THE CHARGES WERE
CHANGED TO FAILURE TO REGISTER AS A SEX OFFENDER.  WHEN I SOUGHT TO
EXPLAIN THE CHARGES TO MY PUBLIC DEFENDER SOPHIA ATCHERSON, SHE
ADVISED ME TO PLEA GUILTY AND ACCEPT A 2-YEAR TERM OF IMPRISONMENT,
BECAUSE IF I DID NOT, THEY COULD SENTENCE ME A 10-YEAR TERM OF
IMPRISONMENT.

2

MOREOVER, IT WAS EXPLAINED TO ME, THAT A PERSON WITH MY BACKGROUND
WOULD NOT BE GIVEN PROBATION.  THE 1994 CASE WHICH NEVER OCCURRED,
STARTED OUT AS A GRUDGE BETWEEN SIBLINGS.  IN THE 1994 CAUSE, MY
HALF SISTER AND BROTHER WERE SEPARATED AND PLACED INTO A DEPARTMENT
OF CHILDREN AND FAMILY SERVICE PROGRAM, OUR FATHER JAMES TOWNES, WAS
SENTENCED TO A 15-YEAR TERM OF IMPRISONMENT, FOR MOLESTING HIS DAUGHTERS
JACKIE, LELA AND COLLEEN, ALSO, TWO SONS AND ALL OF THEM HELD ME
RESPONSIBLE FOR THE INCIDENT.

IN THE MID 1980'S JACKIE TOWNES HAD A NERVES BREAKDOWN.  SHE
WAS GIVEN MEDICATION.  SHE MISUSED HER MEDICATION AND IT LEAD TO A
DRUG PROBLEM, WHICH MADE KNOWING THE DIFFERENCE REALITY AND IMAGI-
NATION A PROBLEM FOR JACKIE.  JACKIE MARRIED OUR FATHER'S BEST FRIEND
LARRY BAKER, AND SOON THEREAFTER, SHE ACCUSED LARRY OF MOLESTING HER
10-YEAR OLD DAUGHTER LAKEISHIA TOWNES.  THERE WAS NEVER A MEDICAL
ASSESSMENT MADE, STATING THE STATUS OF HER HEALTH, NOR WAS THERE EVER
AN INVESTIGATION BY DOCTORS (DOCUMENTS), OR ANY SIGN OF DAUGHTER
LAKEISHIA BEING TAMPERED WITH, ONLY LARRY BAKER GUILTY PLEA.  IN THE
WINTER OF 1993, 13-YEAR OLD LAKEISHIA TOWNES, ACCUSED MYSELF OF MESS-
ING WITH HER.  HER NAME MADE HE A VICTIM, SO THE PROSECUTORS DID NOT
INVESTIGATE THE CHARGES, NO ONE REALIZED THE LIE THAT WAS BEING TOLD.

ALSO IN 1993, MY NIECE 5/6 YEARS OF AGE LAQUIEDIA REEVES, ACCUSED
MYSELF OF HAVING UNPROTECTED SEX WITH HER, DURING WHICH SHE CONTRADICTED
A (STD) VIRUS CALLED CHLYMDIA.  NO MEDICAL ASSESSMENT WAS EVER MADE BY
A MEDICAL STAFF, WHETHER SHE HAD ANY TYPE OF TISSUE OR MUSCLE DAMAGES
REGARDING HER HEALTH, OR THE APPROXIMATELY NUMBER STITCHES SHE RECEIVED

3

MOREOVER, THERE WAS NEVER ANY DOCUMENTATION MADE ORALLY, ANALLY OR
VAGINALLY.  IN 1993, MY NEPHEW 9-YEAR OLD SANFORD REEVES ACCUSED ME
OF HAVING UNPROTECTED ORAL SEX WITH HIM, STRANGELY THERE WAS NOT
ANY SYMTOMS OF THE VIRUS IN THE VICTIMS MOUTH.  WHEN THE VIRUS TAKES
1-3 WEEKS TO HAVE THE SYMTOMS OF THE INFECTION, SUCH AS WHITE SPOTS,
SORES, BLUSTERS AND PUS (A YELLOWISH WHITE FLUID) FORMING AROUND THE
INFECTED AREA SUCH AS MOUTH, THROAT, TESTICLES AND WALLS OF THE VAGINA,
WHICH MAY CAUSE DIFFICULTY IN BREATHING.  THERE WAS NO MEDICAL ASSESSMENT
MADE OR A DOCTORS STATEMENT.

BECAUSE OF THE STATE PROSECUTOR LACK OF INVESTIGATION, TOWNES
WAS PUT IN THE COUNTY JAIL, WHERE HE WAS BEATEN, MOLESTED AND USED AS
A HUMAN WASTE BASKET.  HE WAS PLACED IN SEGREGATION, WHERE HE WAS KEPT
UNTIL HE STOPPED ASKING FOR MEDICAL TREATMENT.  HIS PRIDE WAS BROKEN,
HE WAS PLACED IN DIVISION (5), WHERE HE WAS MADE TO SLEEP ON THE FLOOR,
WHICH MADE HIM EASIER TO GET AT FOR THE INMATE WHO KNEW THAT HE WAS
CHARGED WITH OFFENSES AGAINST KIDS, BECAUSE THE OFFICER HAD LET THEM
READ TOWNES ARREST TRANSCRIPTS.  WHEN TOWNES WENT TO THE AUTHORITIES
AND TOLD THEM HE FEARED FOR HIS LIFE, HE WAS PLACED IN DIVISION (9).
ONCE IN DIVISION (9), HE WAS BEATEN AND SWICHED FROM UPSTAIRS TO DOWN
STAIRS.  ON MARCH 20, 1994, TOWNES PLEADED GUILTY AND ACCEPTED 15-YEARS.
ON A NONE OCCURRING CAUSE, NOW, HE FINDS HIMSELF CONSTANTLY BEING LOCKED
UP FOR THE SAME CASE .  DECEMBER 20, 1993, UNTIL JULY 2001, NOW MAY
10, 2007, TO A TWO YEAR SENTENCE FOR THE SAME CASE A VIOLATION OF
PAROLE WITHOUT EVER LEAVING PRISON ON NOVEMBER 9, 2007, A WARRANT WAS
ISSUED A DAY BEFORE I WAS RELEASED. FOR NOT HAVING A HOST SITE.

4.

DIVISION (5):

HE WAS IN THAT DIVISION JANUARY 15, 1993, UNTIL FEBRUARY 1993, ON

THE FLOOR ON A-WING.  IN FEBRUARY 1993, he was MOVED TO DIVISION

(9), A-WING CELL 3315.  FROM THERE HE WAS MOVED TO THE BOTTOM FLOOR

AFTER BEING JUMPED RECORD SHOULD REFLECT.


MARCH 25, 1994, HE PLEA GUILTY TO ALL CHARGES BECAUSE HE FELT HIS

LIFE WAS IN DANGER IN THE COUNTY JAIL.



## AFFIDAVIT

I, ___ANTHONY TYRONE TOWNES___, being duly sworn do repose and state that the attached ___PETITION___ is true and correct in substance and fact to the best of my knowledge. "CIVIL RIGHTS PETITION"

/s/ *Anthony Townes*
Petitioner

Subscribed and sworn to before me this

17th day of April, 2008.

/s/ *Susan J Crowfoot*
Notary Public

# B-41929

JACKSONVILLE Correctional Center

P.O. BOX 2268 EAST MORTON AVENUE

___JACKSONVILLE___, Illinois 62650

4-21-08
Expiration of Commission

> "OFFICIAL SEAL"
> Susan J. Crowfoot
> Notary Public, State of Illinois
> My Commission Exp. 04/21/2008

## NOTICE OF FILING

TO: MICHAEL W. DOBBINS
CLERK OF THE COURT
PRISONER CORRESPONDENT
U.S. DIST. COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHGO. IL 60604

TO: OFC/COOK COUNTY STATES
ATTORNEY, FELONY REVIEW
UNIT, 2650 S. CALIFORNIA AVE.
CHGO. IL 60608

TO: CHGO. POLICE DEPARTMENT
CHIEF LEGAL COUNSEL
FIFTH FLOOR
3510 S. MICHIGAN AVENUE
CHGO. IL 60653

Please take notice on ___APRIL___, 2008, I filed with ___MICHAEL W. DOBBINS___
NORTHERN DISTRICT OF ILLINOIS
CLERK OF U.S. DISTRICT Court the attached ___PETITION___, 1 copy(ies) of which are served on you.

/s/ *Anthony Townes*

## AFFIDAVIT OF SERVICE

STATE OF ILLINOIS, )
                    )
COUNTY OF MORGAN    )

I, ___ANTHONY TYRONE TOWNES___; being sworn state that I served the attached notice on the above named person(s) by placing a true and correct copy in an envelope(s), addressed as shown above, with the proper U.S. postage on each and deposited the envelope(s) in the U.S. Mail at ___JACKSONVILLE___, Illinois, 62650, on or about the hour of ___ on ___APRIL___, 2008.

/s/ *Anthony Townes*

**DEFENDANTS' EXHIBIT B**



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

Page 1

**C**
Easley v. Verizon Wireless
N.D.Ill.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
Latonya EASLEY, Plaintiff,
v.
VERIZON WIRELESS, SBC Communications
Inc., Mario Crawford, Leon Banks, City of Chica-
go, United States of America, Federal Bureau of In-
vestigation, and Drug Enforcement Administration,
Defendants.
**No. 03 C 2969.**

Aug. 25, 2004.

Latonya Easley, Chicago, IL, pro se.
AUSA, United States Attorney's Office, Chicago,
IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

COAR, J.
**\*1** Before the court are the four motions to dismiss
filed by defendant Verizon Wireless, defendant
SBC/Ameritech Corp., defendant City of Chicago
(whose motion was adopted by defendants Craw-
ford and Banks), and defendants United States of
America, Federal Bureau of Investigation, and Drug
Enforcement Administration. For the reasons set
forth below, defendants' motions are granted, and
plaintiff LaTonya Easley's second amended com-
plaint is dismissed in its entirety, with prejudice.

I. Background

On May 2, 2003, plaintiff (proceeding *pro se* ) filed
her original complaint in this matter. It numbered
79 pages. Plaintiff subsequently moved for the ap-
pointment of counsel and applied to proceed *in
forma pauperis.*By an order dated May 21, 2003,
this court granted plaintiff's application to proceed

*in forma pauperis* but dismissed her complaint for
failure to state a coherent claim.

Subsequently, on May 29, 2003, plaintiff moved to
vacate the dismissal of her case. The court treated
her motion as one for leave to file an amended
complaint and, on June 4, 2003, granted the motion.
In so doing, the court instructed plaintiff that the al-
legations in her complaint were impossible to fol-
low and explicitly warned her that if her amended
complaint was "equally incomprehensible," it
would be dismissed and the court would not "grant
leave the next time" (*i.e.,* to file another amended
complaint).

On June 13, 2003, plaintiff filed a 31-paged
amended complaint, along with 26 pages of attach-
ments. During a July 9, 2003 status hearing, the
court informed plaintiff that the first amended com-
plaint would be dismissed for her failure to comply
with Federal Rules of Civil Procedure Rule 8(a)'s
"short plain statement" requirement. In so ruling,
the court outlined for plaintiff the pleading require-
ments established by Rule 8 and specifically ex-
plained how her complaint failed to meet those re-
quirements. The court also identified specific ex-
amples of the defects in plaintiff's pleading, focus-
ing particularly upon plaintiff's confusing and ex-
tensive recitation of numerous conversations and
interactions with and between defendants and other
parties. The court explained that plaintiff was re-
quired "to state in a short, concise form what the
defendants did that gives [her] a right to re-
lief."Finally, the court warned plaintiff, "this is the
last time [the court is] going to allow an amend-
ment to this complaint."In other words, the court
instructed plaintiff, "You need to get ... an amended
complaint on file that sets forth in some compre-
hensible fashion what your claims are. Otherwise,
I'm going to dismiss the case with preju-
dice."Accordingly, the court issued an order dis-
missing the first amended complaint and granting
plaintiff leave to file a second amended complaint.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

Page 2

On July 17, 2003, plaintiff filed her second amended complaint, which consists of 28 pages of text, plus 31 pages of attachments.[FN1] On August 19, 2003, plaintiff again moved for the appointment of counsel. On August 26, 2003, the court denied said motion.

> FN1. One of the attachments is an eight-paged document titled "Facts Stated to Claims," which does not differ in any meaningful way from the text of the complaint, itself. It contains various purported general statements of law and vague allusions to plaintiff's claims. Consistent with Rule 10(c) of the Federal Rules of Civil Procedure, in ruling upon defendants' motions, the court treats the attachments as part of the second amended complaint.

**\*2** Over the next several months, the numerous defendants in this action were served with and/or received copies of the second amended complaint and summons.[FN2] Thereafter, defendants filed their respective motions to dismiss pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. In June 2004, this court granted the City's motion to intervene on behalf of Banks and Crawford and to vacate the clerk's default judgments previously entered against them. It also granted leave to defendants Banks and Crawford to adopt the City's motion to dismiss.

> FN2. Some of the parties have indicated in their motions to dismiss that service may not have been proper, but they do not contest service for the purposes of their motions. Relatedly, who plaintiff has intended to make defendants in this case has been something of a moving target since the filing of the original complaint and remains unclear. It is not necessary for the court to address or resolve either of these issues due to its other findings, as set forth below.

Defendants' motions are now fully briefed and ripe for decision.[FN3]

> FN3. At various times, plaintiff filed numerous other motions, almost all of which were denied by this court. However, the court granted plaintiff's motion to dismiss two defendants pursuant to Rule 17(a). On July 22, 2004, it also granted her motion to file a response brief directed at Banks and Crawford (each of whom adopted the City's motion to dismiss). To date, plaintiff has not filed any such response brief(s).

II. Analysis

A. The Pleading Requirements Established by Fed.R.Civ.P. Rule 8

Defendants have moved to dismiss plaintiff's second amended complaint, first and foremost, on the grounds that the complaint is incomprehensible, unintelligible, and inscrutable. In other words, they all essentially contend that plaintiff has failed to comply with Rule 8(a)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2). *See also* Fed.R.Civ.P. 8(e) (requiring that allegations in a complaint be "simple, concise, and direct").

Under Rule 8, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs. Inc.,* 20 F.3d 771, 776 (7th Cir.1994) (internal quotations and citations omitted). The purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged. *See Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.1993). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom,* 20 F.3d at 775-76. Thus, a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is that the plaintiff is claiming. *Jennings v. Emry,* 910 F.2d 1434, 1436

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

th Cir.1990).

B. Plaintiff's Second Amended Complaint

Here, plaintiff has had three opportunities to set forth her claims in a comprehensible fashion. On this, her third try, she has once again fallen far short of doing so.

Although the second amended complaint is shorter than the two previous versions, it duplicates its predecessors in substantial respects and, as such, suffers from the same patent deficiencies. Indeed, many paragraphs contained within the first amended complaint are repeated verbatim or nearly verbatim in the second amended complaint. Moreover, much of the second amended complaint consists of precisely the type of allegations that the court instructed plaintiff *not* to include in amending her complaint (*i.e.,* her extensive and profoundly confusing allegations regarding numerous incidents, conversations, *etc.,* virtually none of which aids the court in discerning the nature or contours of plaintiff's claims). Finally, notwithstanding the court's clear and specific instructions to plaintiff, the narrative set forth in her second amended complaint is generally rambling and confusing, rather than "concise" or "comprehensible." It contains sentences that range from grammatically improper to utterly nonsensical.[FN4] As a whole, the second amended complaint is prolix and fatally incoherent.

> FN4.*See, e.g.,* 2nd Am. Cmplt ¶ 1 ("The plaintiff states she was never told by defendants, Marsha Thomas and Mario Crawford and Frank Tucci and Leon Banks and Barry (last name unknown) in civil litigation at any time by them or any of their family and friends and work associates"); *Id.,* ¶ 28 ("The defendant Mario was able to conspire with allegedly Marsha Thomas and Leon and S/A Frank Tucci and other unknown DEA Agents and Phillip Edwards and intentionally and knowingly intercept the plaintiff's telephone line with

reckless regard to the plaintiff's feeling to injure and cause harm by negligence of an intimate relationship"); *Id.,* ¶ 29 ("The plaintiff was unable to report alleged corrupt actions without knowledge of defendants based on the on-going illegal wiretapping, which led to continued harassment"); *Id.,* ¶ 31 ("The defendants knowingly and intentionally with willful and wanton conduct obtained authorized wire interception by use and abuse of power and authority with Ameritech Agents whom may not have always check for a valid warrant based on the established relationship with the DEA and FBI and Ameritech/SBC and Ameritech/Verizon"); *Id.,* ¶ 33 ("The plaintiff states the defendants knowingly and intentionally from 3/1994 to 4/1996 by means of illegal wire tapping the known user and bill to Tonya [ ] violated the Thirteen Amendment and Force Labor violation of FCRP 18 USC 1589 at time Kenji Pace was under investigation for Drugs and Taxes in which plaintiff had not seen since 5/1999 in a public place 'Chicago Customer Wheels' by ownership of Norvice Landon"); and *Id.,* ¶ 56 ("The defendants S/A Frank Tucci and Unknown DEA Agents and Leon and Mario and Marsha Thomas (Municipal Corporation) and The Chicago Office of The FBI for Malicious investigation based on misrepresentations of facts about the plaintiff person's to the FEDS/DEA from the alleged defendants, police informants and undercover narcotic officers, and informants and snitches").

*3 Based upon those deficiencies, the court can only guess that plaintiff intended to allege some kind of vague wiretap "conspiracy" involving many individuals, organizations, and agencies and taking place from roughly 1994 to 1997. She makes what can only be described as a hodgepodge of repetitive references to: (1) an alleged wire tap, telephone call

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

interceptions, and other surveillance and investigation of her (in connection with "the 1988 case of Kenji Pace and Latonya Easley" and otherwise) (*see* 2nd Am. Cmplt, ¶¶ 7-9, 13-18, 21-23, 25-26, 28-35, 37, 39, 51-52, 64-65, 68, 70, 71, 89); FN5 (2) her belief that she was improperly identified as a law enforcement "snitch" and corresponding defamation of her character (*see Id.,* ¶¶ 12, 41-55, 57, 59); (3) alleged forced labor on her part (premised upon the notion that plaintiff unwittingly and unwillingly aided the government through her comments in recorded conversations) (*see Id.,* ¶¶ 33-35); (4) her dating of an undercover narcotics officer (identified as Mario Crawford) (*see Id.,* ¶¶ 35, 41-45, 58); (5) defendants' alleged conspiracy to force the termination of plaintiff's employment with SBC and/or Verizon (where one was the corporate predecessor of the other) (*see Id.,* ¶¶ 69-71, 74, 76, 82); (6) efforts to "exonerate" Crawford that led to the violation of plaintiff's constitutional rights (*see Id.,* ¶¶ 69, 73); (7) endangerment of plaintiff's life through the illegal manufacture of a controlled substance and/or her association with illegal drug manufacturers (*see Id.,* ¶¶ 41-45, 50, 54-55); and (8) defendants' alleged harassment of plaintiff through their "watching nice cars parked in front of the home of the plaintiff," displaying vanity license plates that contained "code name and language," driving recklessly in front of her one day in August 1998, and sending Ameritech employees to drive around her house and harass her (*see Id.,* ¶¶ 11, 65-66, 84-85).FN6 None of these jumbled allegations or beliefs, taken either separately or in the aggregate, tells a coherent story. Instead, with respect to the factual bases for plaintiff's claims, the second amended complaint is-like its predecessors-impenetrable and insufficient.

> FN5. In this vein, plaintiff repeatedly contends that the alleged interception of her oral and telephone communications and other investigation of her was effected "by obtaining an authorized wire tap" through the provision of misleading and false information to the judge who subsequently issued a search warrant. *Id.,* ¶ 8.*See also Id.,* ¶¶ 22, 31, 90.

> FN6. Based upon these alleged wrongs, plaintiff seeks damages in excess of $600 million.

Relatedly, the second amended complaint also fails to make clear the nature, let alone the contours, of plaintiff's purported legal theories/claims. Instead, her "legal" allegations are jumbled, internally inconsistent, and vague. Plaintiff cites as the legal bases for her claims a handful of statutes (including 42 U.S.C. § 1983 (creating a cause of action against those acting under color of state law who cause a deprivation of any rights, privileges, or immunities secured by the United States Constitution and the laws of the United States), 41 U.S.C. § 601 (governing the resolution of contract disputes involving the federal government); 18 U.S.C. § 1589 (criminalizing forced labor); 18 U.S.C. § 2510, *et seq.* (*i.e.,* the Federal Wiretapping Act) (authorizing recovery of civil damages for illegal electronic surveillance, while expressly stating that this remedy is available against persons or entities "other than the United States"); FN7 21 U.S.C. § 858 (criminalizing the endangerment of human life in connection with the illegal manufacture of controlled substances); and 28 U.S.C. §§ 1346(b), 2671, *et seq.* (*i.e.,* the Federal Tort Claims Act) (providing a waiver of sovereign immunity and creating federal jurisdiction to decide cases against the federal government for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government under certain circumstances)) *and* the First, Fourth, Fifth, Tenth, Thirteenth, and Fourteenth Amendments to the Constitution. Then, conversely, in her responses to defendants' motions to dismiss, plaintiff states that she is asserting six claims in this lawsuit and that five are based upon alleged constitutional violations, while the sixth is based upon an alleged "endangerment" of her life. *See Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992) (courts should consider allegations con-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

Page 5

tained in *pro se* plaintiffs' other filings in ruling upon motions to dismiss).

> FN7. The Seventh Circuit has held that this statute likewise does not allow for suits against municipalities. *See Amati v. City of Woodstock*, 176 F.3d 952, 956 (7th Cir.1999) (citing 18 U.S.C. § 2510(6)).

*\*4 Based on the foregoing, it is clear that plaintiff has failed, for the third time, to abide by the requirements of Rule 8(a). Reading the complaint as a whole, it is impossible to ascertain what plaintiff alleges was done to her and by whom, let alone how defendants' actions formed or manifested a conspiracy and/or violated the law. As such, the second amended complaint shall be dismissed.

**C. Dismissal With Prejudice**

Rule 15(a) provides that a court should "freely" grant leave to amend a pleading "when justice so requires." Fed.R.Civ.P. Rule 15(a). However, a party's repeated failure to cure deficiencies through previously-allowed amendments justifies the denial of leave to amend a complaint. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given' ").*See, e.g., Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1021 (7th Cir.1992) (upholding denial of leave to correct pleading deficiency by filing third amended complaint where plaintiff "had fair notice of its pleading deficiencies from the defendants' motion to dismiss, but it chose to ignore that warning").

Here, the court provided plaintiff with ample warning of the consequences of her repeated failure to comply with the pleading requirements established

by Rule 8. Subsequently, when faced with her third opportunity to draft a compliant complaint, plaintiff nonetheless failed to do so. Under these circumstances, dismissal with prejudice is appropriate. That is, plaintiff will *not* be permitted to file another amended complaint in this action. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998) ("It is even possible to justify dismissal with prejudice if the complaint remains incomprehensible after opportunity to amend").

Plaintiff's *pro se* status does not excuse her failure to comply with the pleading requirements established by the rules or require imposition of a less severe consequence. As a general matter, a *pro se* litigant's pleadings are held to a less stringent standard than those of litigants who are represented by counsel. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir.1996).*See also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Yet, a *pro se* litigant nonetheless must act in accordance with court rules and directives. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1996) ("being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders" or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994) (*"pro se* litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines") (citations omitted). Plaintiff failed to follow the applicable rules and this court's specific directives when, for the third time, she filed a complaint that utterly fails to comply with Rule 8. Notwithstanding her *pro se* status, this failure justifies dismissal with prejudice of the second amended complaint. *See, e.g., Lyon v. Brown*, No. 97-1698, 1998 U.S.App. LEXIS 9786, at \*5-6(7th Cir. May 12, 1998) (upholding dismissal with prejudice of *pro se* plaintiff's third amended complaint for failure to state a claim upon which relief may be granted; plaintiff had "repeatedly failed to remedy the same deficiencies," as he merely "realleged the same claims that the district court previously dismissed"

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

and "did not cure the deficiencies of the earlier complaints," despite the district court's "highlight[ing] the specific problems" therein.[FN8]

> FN8. Defendants have argued in the alternative that, to the extent any comprehensible claim can be discerned from the complaint, the complaint nonetheless fails to state a claim upon which relief may be granted and, thus, must be dismissed pursuant to Rule 12(b)(6).*See*Fed.R.Civ.P. 12(b)(6). Dismissal under this provision "is warranted if the plaintiff can prove no set of facts in support of [her] claims that would entitle [her] to relief."*GE Capital Corp. v. lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir.1997). Thus, the court's task is to "examine[ ] the allegations in the complaint to determine whether they pass muster."*GE Capital,* 128 F.3d at 1080. In so doing, the court assumes the truth of all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Antonelli,* 81 F.3d at 1427;*Prince v. Rescorp Realty,* 940 F.2d 1104, 1106 (7th Cir.1991). As set forth above, plaintiff's allegations are not well pled and, in fact, are inscrutable. Thus, the second amended complaint would not be amenable to the analysis required by Rule 12(b)(6). In any event, in light of the court's ruling that the second amended complaint should be dismissed with prejudice for plaintiff's repeated failure to draft a pleading that complies with Rule 8's requirements, it is simply not necessary to address defendants' numerous arguments for dismissal pursuant to Rule 12(b)(6).

### III. Conclusion

**\*5** For the foregoing reasons, defendants' motions to dismiss are granted, and plaintiff's second amended complaint is dismissed in its entirety, with prejudice.

N.D.Ill.,2004.
Easley v. Verizon Wireless
Not Reported in F.Supp.2d, 2004 WL 2005819 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**<u>DEFENDANTS' EXHIBIT C</u>**



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2787277 (N.D.Ill.)

**C**
Shkrobut v. City of Chicago
N.D.Ill.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
Ivan SHKROBUT, Plaintiff,
v.
THE CITY OF CHICAGO, Police Officer Al-
varado, Star 8558, Police Officer Apacible, Star
12730, and Unknown Chicago Police Officers, De-
fendants.
No. 04 C 8051.

Oct. 24, 2005.

John J. Conway, Matthew Borden Speiser, Sullivan,
Hincks & Conway, Oak Brook, IL, for Plaintiff.
George John Yamin, Jr., James Ernest Mincy, III,
Mara Stacy Georges, Thomas Joseph Platt, City of
Chicago, Department of Law, Marcel S. Benavides,
City of Chicago Corporation Counsel's Office,
Chicago, IL, for Defendants.

*MEMORANDUM, OPINION AND ORDER*

ANDERSEN, J.
**\*1** On March 9, 2005, the Defendants filed a Joint
Motion to Dismiss with respect to the false arrest
claim of Count One and the entirety of Counts Two,
Three, and Four of the Plaintiff's complaint pursu-
ant to Federal Rule of Civil Procedure 12(b)(6). For
the reasons set forth below, the Defendants' motion
to dismiss is granted.

*STANDARD OF LAW*

The purpose of a motion to dismiss is to test the
sufficiency of the complaint and not to decide the
merits of the challenged claims. *Weiler v. House-
hold Fin. Corp.,* 101 F.3d 519, 524, n. 1 (7th
Cir.1996). When reviewing a motion to dismiss, the
Court must accept all factual allegations in the

complaint as true and draw all reasonable infer-
ences in favor of the plaintiff. *Szumny v. Am. Gen.
Fin., Inc.,* 246 F.3d 1065, 1067 (7th Cir.2001). Dis-
missal is only proper when it appears beyond a
doubt that plaintiff can prove no set of facts to sup-
port the allegations set forth in the claim that would
entitle her to relief. *Hernandez v. City of Goshen,*
324 F.3d 535, 537 (7th Cir.2003).

*BACKGROUND*

On December 19, 2003, plaintiff Ivan Shkrobut vis-
ited a McDonald's fast food restaurant near Damen
and Chicago Avenue in Chicago, Illinois to eat and
meet a friend. (Pl.Complaint, ¶ 11.) Mr. Shkrobut is
a Ukrainian immigrant who is self-employed as a
construction contractor. (Pl.Complaint, ¶ 10.) Mr.
Shkrobut's construction office is across the street
from the McDonald's, and after dining with his
friend in the restaurant, Mr. Shkrobut walked across
the street to retrieve some files from his office be-
fore going home. (Pl.Complaint, ¶ 12.)

Approximately ten minutes after leaving the Mc-
Donald's to visit his office, Mr. Shkrobut returned
to the McDonald's parking lot to retrieve his car
and discovered that a "boot" was in the process of
being placed on his vehicle. (Pl.Complaint, ¶ 14.)
He was also advised that a tow truck was going to
tow his car. (Pl.Complaint, ¶ 14.) Mr. Shkrobut
protested, and prior to the complete attachment of
the boot to Mr. Shkrobut's car, he demanded that
his car be released. (Pl.Complaint, ¶ 14.)

A McDonald's agent refused to stop placing the
boot on Mr. Shkrobut's car and refused to release
his car. (Pl.Complaint, ¶ 14.) McDonald's agents
then telephoned the police, and Officers Alvarado
and Apacible arrived on the scene (Pl.Complaint, ¶
14.) Officers Alvarado and Apacible refused to or-
der Mr. Shkrobut's car released and placed Mr.
Shkrobut under arrest. (Pl.Complaint, ¶ 20.) Mr.
Shkrobut alleges that the officers used excessive

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                        Page 2
Not Reported in F.Supp.2d, 2005 WL 2787277 (N.D.Ill.)

force and violence during the arrest and caused him severe injuries. (Pl.Complaint, ¶ 24.)

Mr. Shkrobut filed a complaint on December 13, 2004, against the City of Chicago, Police Officer Alvarado (Star 8558), Police Officer Apacible (Star 12730), and Unknown Chicago Police Officers claiming violation of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1988. He also made state law claims of malicious prosecution and assault and battery against defendants in violation of rights guaranteed under the Illinois Constitution.

**\*2** The defendants filed a joint motion on December 13, 2004, seeking to dismiss the false arrest claim alleged in Count One and the entirety of the claims made in Counts Two, Three, and Four against both the defendant officers and the City of Chicago. Defendants also moved to continue the time to answer the remaining counts until after the Court has decided upon the motion to dismiss.

### DISCUSSION

#### I. Counts One, Two and Three

The plaintiff's first three counts allege violation of the plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983 and 1988. In Count One, the plaintiff alleges false arrest and unreasonable use of force against all defendants. In Count Two, the plaintiff alleges false imprisonment against all defendants. In Count Three, the plaintiff alleges malicious prosecution against all defendants. This Court will first address the defendants' motion to dismiss with respect to the false arrest claim of Count One and the entirety of Counts Two and Three, as all three are governed by the same law.

The plaintiff's claims in Counts One, Two and Three are governed by 42 U.S.C. § 1983, which states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State

... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

To prevail on a claim pursuant to § 1983, the plaintiff must show that he (1) "held a constitutionally protected right;" (2) was "deprived of this right in violation of the Constitution;" (3) "defendant intentionally caused this deprivation;" and (4) "defendant acted under color of law."*Donald v. Polk County,* 836 F.2d 376, 379 (7th Cir.1988).

The original criminal charges filed against the plaintiff which form the basis of his § 1983 claims are two counts of assault to civilian complainants and two separate counts of battery to police officers. (Def. Joint Motion to Dismiss, Exhibit C.) In the plaintiff's criminal proceedings, Counts One and Two for assault were stricken without leave, Count Three for battery was amended to disorderly conduct, and Count Four for battery was entered *nolle prosecui.*(Def. Joint Motion to Dismiss, Exhibit B, p. 2.) The plaintiff then pled guilty to disorderly conduct on February 10, 2004. (Def. Joint Motion to Dismiss, Exhibits B, p. 2.)

The Seventh Circuit has held that the existence of probable cause for arrest is an absolute bar to a § 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution. *Smith v. City of Chicago,* 913 F.2d 469, 473 (7th Cir.1990).*See alsoMark v. Furay,* 769 F.2d 1266, 1268-69 (7th Cir.1985); *Terket v. Lund,* 623 F.2d 29, 31 (7th Cir.1980). A criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted. *Appley v. West,* 832 F.2d 1021, 1026 (7th Cir.1987). Moreover, a criminal conviction based upon a guilty plea is conclusive as to the underlying facts of the plea. *Appley,* 832 F.2d at 1026.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2787277 (N.D.Ill.)

**\*3** Both the original "battery of a police officer" charge and the amended disorderly conduct charge to which the plaintiff pled guilty arose out of the same incidents of December 19, 2003. (Def. Joint Motion to Dismiss, Exhibits C, D and E.) The transcript of the criminal proceedings states that the complaining witness in court was an "officer" and the plaintiff did not contest probable cause during any the criminal proceedings. (Def. Joint Motion to Dismiss, Exhibit B.) The plaintiff's underlying criminal charges, assault to civilian complainants and battery to police officers, are crimes such that "proof of the crime is *ipso facto* proof of probable cause" because "the conviction is premised entirely on the testimony of the arresting officer concerning his observations." *Patterson v. Leyden,* 947 F.Supp. 1211, 1217 (N.D.Ill.1996). Thus, the "evidence that produced the conviction [in Plaintiff's criminal case] was the testimony of the eyewitness-arresting officer; there was no difference between the evidence used to determine probable cause and that used to determine guilt." *Lang v. City of Round Lake Park,* 87 F.Supp.2d 836, 844-45 (N.D.Ill.2000) (citing *Currier v. Baldridge,* 914 F.2d 993 (7th Cir.1990)).

The plaintiff claims that, even if his guilty plea to disorderly conduct demonstrates that probable cause existed for the arrest for that charge, it does not follow that probable cause existed for the original underlying criminal charges. However, the Court notes that in § 1983 actions for false arrest, probable cause need not have existed for the charge for which the plaintiff was arrested, so long as probable cause existed for arrest on a closely related charge. *Biddle v. Martin,* 992 F.2d 673, 676 (7th Cir.1993). Since probable cause for the plaintiff's disorderly conduct arrest was demonstrated by his plea of guilt, probable cause also existed for the other underlying criminal charges.

Accordingly, the plaintiff is barred from bringing any § 1983 claims for false arrest, false imprisonment, and malicious prosecution. The defendants' motion to dismiss is granted with respect to the false arrest claim of Count One and the entirety of Counts Two (false imprisonment) and Three (malicious prosecution) against the defendant officers and the City of Chicago.

## II. Count Four

In Count Four, the plaintiff brings a claim of malicious prosecution against all defendants in violation of Illinois law. To make a claim for malicious prosecution in Illinois, the plaintiff must allege that: (1) Defendants instituted or continued the underlying suit maliciously and without probable cause; (2) the action terminated favorably to him; and (3) he suffered some special injury beyond the usual expense, time and annoyance of defending himself. *Bergstrom v. McSweeney,* 294 F.Supp.2d 961 (N.D.Ill.2003). Each of these elements must be present to bring a claim for malicious prosecution. *Freides v. Sani-Mode Mfg. Co.,* 33 Ill.2d 291, 211 N.E.2d 286, 288 (Ill.1965).

**\*4** The defendants argue that because Plaintiff pled guilty to disorderly conduct and was sentenced to six months supervision and five days of SWAP, the plaintiff has failed to establish that the original criminal proceeding terminated in his favor. The plaintiff claims that the charges for which he was arrested were terminated in his favor on February 10, 2004. Even when viewing the allegations liberally in the light most favorable to the plaintiff, it is clear that the criminal proceedings did not terminate in the plaintiff's favor. A malicious prosecution plaintiff must allege that the charges were abandoned or withdrawn for reasons consistent with his innocence. *Green v. Delatorre,* 2001 WL 630714 \*3 (N.D.Ill.2001) (citing *Swick v. Liataud,* 169 Ill.2d 504, 215 Ill.Dec. 98, 102, 662 N.E.2d 1238, 1242 (1996)). Yet Plaintiff pled guilty on February 10, 2004 to disorderly conduct and has not alleged that the charges against him were withdrawn for reasons consistent with his innocence. (Def. Joint Motion to Dismiss, ¶ 4). The plaintiff thus cannot state a claim for malicious prosecution under Illinois law and the defendants' Motion to Dismiss

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2787277 (N.D.Ill.)

with respect to Count Four against the defendant officers and the City of Chicago is granted.

III. Remaining Counts

In Count One, the plaintiff also alleges unreasonable use of force against all defendants. The defendants moved to continue the time to answer this count until after the Court has decided upon the motion to dismiss. The defendants are granted until November 10, 2005 to respond to the unreasonable use of force claim in Count One.

In Count Five, the plaintiff alleges assault and battery against all defendants. The defendants also moved to continue the time to answer this count until after the Court has decided upon the motion to dismiss. The defendants are granted until November 10, 2005 to respond to the assault and battery claim in Count Five.

*CONCLUSION*

The defendants' joint motion to dismiss is granted with respect to false arrest claim of Count One and the entirety of Counts Two, Three, and Four against both the defendant officers and the City of Chicago. The defendants are granted until November 10, 2005 to respond to the remaining counts.

It is so ordered.

N.D.Ill.,2005.
Shkrobut v. City of Chicago
Not Reported in F.Supp.2d, 2005 WL 2787277 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.